United States District Court
Southern District of Texas
**ENTERED**
June 01, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JUSTIN ALBAUGH, § § Plaintiff, § § VS. § § WIND ACCESS ENGINEERING, INC., § and MAGIC VALLEY ELECTRIC § COOPERATIVE, INC., § § Defendants. § | CIVIL ACTION NO. 7:23-cv-00120 |

## ORDER AND OPINION

The Court now considers Plaintiff's motion for voluntary dismissal without prejudice.[1] The Court finds good cause and hereby **GRANTS** the motion.

### I. BACKGROUND

Plaintiff filed his original petition on February 2, 2023, in the 275th District Court of Hidalgo County.[2] Therein, Plaintiff alleges that he was performing work on a wind turbine when a steel cable rat nested, causing severe injury to his hand.[3]

On April 3, 2023, Defendant Wind Access Engineering Inc. ("Wind Access") filed a motion in state court arguing that venue was improper in Hidalgo County and requesting a transfer of venue to Willacy County, "where all or a substantial part of the events or omissions giving rise to plaintiff's claims occurred."[4]

---

[1] Dkt. No. 7.
[2] Dkt. Nos. 1-1, 1-2.
[3] Dkt. No. 1-2.
[4] Dkt. No. 1-6 at 2-3.

Before the state court ruled on that motion to transfer venue, Wind Access removed to this Court on April 7, 2023, alleging that there is complete diversity and that the forum defendant rule does not apply because Defendant Magic Valley Electric Cooperative, Inc. ("Magic Valley") is improperly joined.[5]

Wind Access has not filed a renewed motion in federal court to transfer the case to the United States District Court for the Southern District of Texas—Brownsville Division, which embraces Willacy County. However, in the instant motion, Plaintiff seeks to dismiss the case without prejudice, confusingly stating that "Plaintiff agrees with Defendants that Texas is no longer the proper place for the venue."[6]

## II. DISCUSSION

Plaintiff's purported "agreement" mischaracterizes Wind Access' position in the state court motion, since there it argues that venue is improper in Hidalgo County but proper in Willacy County.[7] Neither Defendant alleges that venue is improper in all state and federal courts in Texas.

But Plaintiff's poorly articulated plan for re-filing—by itself—does not prevent the Court from granting a motion under Federal Rule of Civil Procedure 41(a)(2). "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."[8] In *Elbaor*, the Fifth Circuit considered the plaintiff's failure to identify where he intended to re-file only to determine whether a statute of limitations issue created prejudice for the defendants.[9]

---

[5] Dkt. No. 1 at 4-5, ¶ 11.
[6] Dkt. No. 7 at 1, ¶ 1.
[7] *See* Dkt. No. 1-6.
[8] *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).
[9] *See id.* at 318.

Here, there is no clear indication of prejudice, nor have Defendants asked the Court to deny the instant motion or set special conditions for re-filing. Wind Access told Plaintiff it was opposed to the motion,[10] but 21 days have elapsed since the motion was filed without a response from Wind Access, so by operation of the Local Rule 7.4, the motion is unopposed.

With no indication of plain legal prejudice and no opposition from Defendants, the Court finds good cause for Plaintiff's motion to withdraw under Rule 41(a)(2).

### III. Conclusion

For the reasons stated above, the Court **GRANTS** the instant motion and the case is **DISMISSED WITHOUT PREJUDICE**. All deadlines in the case are hereby cancelled and the Clerk of Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st day of June 2023.

_____
Micaela Alvarez
United States District Judge

---

[10] Dkt. No. 7 at 4.